*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHARON AUSTIN,

Claimant-Appellant,

v

HOSPICE NORTH OTTAWA COMMUNITY and
DEPARTMENT OF LABOR AND ECONOMIC
OPPORTUNITY/UNEMPLOYMENT
INSURANCE AGENCY, formerly known as
DEPARTMENT OF TALENT AND ECONOMIC
DEVELOPMENT/UNEMPLOYMENT
INSURANCE AGENCY,

Appellees.

UNPUBLISHED
January 13, 2022

No. 348766
Muskegon Circuit Court
LC No. 18-003840-AE

ON REMAND

Before: SAWYER, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

In our original opinion in this matter, we affirmed the circuit court's order that affirmed the Michigan Compensation Appellate Commission (MCAC), which had denied claimant's challenges to determinations by appellee Department of Labor and Economic Opportunity/Unemployment Insurance Agency (the "Agency") that claimant had fraudulently obtained unemployment insurance benefits that she was not eligible to receive and was required to pay restitution and penalties to the Agency. *Austin v Hospice North Ottawa Community*, unpublished opinion per curiam (rel'd 12/17/2020).

Claimant sought leave to appeal to the Michigan Supreme Court. In lieu of granting leave, the Court vacated our decision and remanded the matter for reconsideration in light of the Supreme Court's decision in *Dep't of Licensing & Regulatory Affairs/Unemployment Ins Agency v Lucente*, ___ Mich ___; ___ NW2d ___ (Docket Nos. 160843; 160844, decided July 30, 2021) ("*Lucente*

-1-

*II")*.[1]  See *Austin v Hospice North Ottawa Community*, ___ Mich ___; ___ NW2d ___ (No. 162699, issued 11/2/2021).  In light of the Supreme Court's decision in *Lucente II* and its reversal of this Court's decision in *Lucente I*, we now reverse the decisions of the circuit court and the MCAC.

At issue in this case, as well as in the *Lucente* cases, are various provisions of the Michigan Employment Security Act (MESA), MCL 421.1 *et seq*.  Specifically, the provisions of MCL 421.32, MCL 421.32a, and MCL 421.62 as they relate to the review of determinations and redeterminations, in particular to the issue of a determination of fraud and the repayment of benefits and the imposition of penalties.

We find determinative the Supreme Court's conclusion in *Lucente II* that the Agency must issue an original "determination" when it alleges that a claimant engaged in fraud.  *Id.* at ___; slip op at 20.  The issuance of a benefit check is not a "determination" with respect to the issue of fraud, because a claimant might be unentitled to payment, but without the culpable mental state necessary to establish fraud.  *Id.*  A "redetermination" applied when there was a disputed issue, but fraud was not a disputed issue at the time the claimant received benefits.  *Id.*

The Supreme Court rejected the argument that the payment of benefits was a "determination" for purposes of a later "redetermination" that the benefit was procured through fraud.  The Court acknowledged that the first sentence of § 32(f) might give this impression, but "[r]eading past the first sentence, the subsection explains that '[a] chargeable employer, upon receipt of a listing of the check as provided in [MCL 421.21(a)], may protest by requesting a redetermination of the claimant's eligibility or qualification as to that period and a determination as to later weeks and benefits still unpaid that are affected by the protest.' "  *Lucente II*, ___ Mich at ___; slip op at 24.  Section 32(f) did not refer to Agency-initiated redeterminations.  *Id.*  The Court concluded "that the MESA requires the Agency to proceed by way of an original 'determination' when (in the absence of an employer protest) the Agency seeks to establish that a claimant received a 'benefit to which [the claimant] is not entitled' and imposes restitution pursuant to MCR 421.62(a)."  *Lucente II*, ___ Mich at ___; slip op at 26.

The Supreme Court addressed the question "whether the Agency's failure to issue 'determinations' is grounds for setting aside the 'redeterminations.' "  The Court rejected the Agency's argument that the use of the redetermination process did not violate claimants' due-process rights because they still had sufficient notice to challenge the action before the ALJ.  The Court concluded that it could not "ignore the statutory right to protest a 'determination' simply because other sections of the MESA provide further (and arguably greater) process."  *Lucente II*, ___ Mich at ___; slip op at 30.  The Court stated its conclusion as follows:

> We agree with the Court of Appeals that § 62 authorizes the Agency to issue original fraud and restitution determinations that are not subject to the constraints

---

[1] Our original opinion was based heavily on this Court's decision in *Dep't of Licensing & Regulatory Affairs/Unemployment Ins Agency v Lucente*, 330 Mich App 237; 946 NW2d 836 (2019) ("*Lucente I*").

of MCL 421.32a.  We disagree, however, that the Agency's decision to issue "redeterminations" in these cases was of no substantive effect.

We hold that the Agency must issue an original determination alleging fraud *and* that the Agency's failure to do so is grounds for invalidating the "redeterminations" in this case.  On this issue the payment of benefits cannot serve as an original "determination" on the alleged fraud, and the Agency's issuance of determinationless "redeterminations" deprives claimants of their right to protest.

We likewise conclude that the Court of Appeals erred in its analysis of the "redeterminations," finding the claimants not unemployed and imposing restitution for the overpayments.  When Agency-initiated review of a past-paid benefit results in a decision that the claimant received benefits during a period of ineligibility or disqualification and owes restitution as a result, the Agency must begin with an original "determination" as described in § 62.  [*Lucente II*, ___ Mich at ___; slip op at 30-31.]

Applying these principles to the instant case on remand leads to the conclusion that the Agency was required to comply with the § 32 procedure for issuing a "determination" of fraud, which claimant could protest under § 32a.  Because the payment of benefits cannot serve as an original "determination" of alleged fraud, and no other determination of fraud was issued before the "redeterminations," the issued redeterminations were invalid and therefore without legal effect. Accordingly, in accordance with the statutory interpretation in *Lucente II*, the circuit court erred by affirming the MCAC's decision denying claimant's challenges to the Agency's determinations that claimant had fraudulently received unemployment insurance benefits she was not eligible to receive and that she was required to pay restitution and penalties to the Agency.

Reversed.  Claimant may tax costs.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto

-3-